UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

03 FEB -5 PM 3:08

U.S. DISTRICT COURT
N.D OF ALABAMA

| | |
|---|---|
| INTERNATIONAL EXPEDITIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. CV-02-S-3190-S |
| ) | |
| THOMAS P. GOHAGAN & COMPANY, ) | |
| ) | **ENTERED** |
| Defendant. ) | FEB - 5 2003 |

## MEMORANDUM OPINION

This action is before the court on the motion to transfer venue to the United States District Court for the Northern District of Illinois filed by defendant, Thomas P. Gohagan & Company (doc. no. 5). Upon consideration of the motion, pleadings, briefs, and affidavits, the court has concluded that it would not be aided by oral argument. **Accordingly, the Clerk is directed to remove this action from the motion docket scheduled to begin at 10:00 o'clock a.m. on Thursday, February 6, 2003.**

This action originally was filed in the Circuit Court of Shelby County, Alabama, and was removed by defendant based on the parties' complete diversity of citizenship and the requisite amount in controversy. *See* 28 U.S.C. § 1332(a)(1). Defendant now contends the action should be transferred, because "[l]itigation in the Northern District of Illinois will serve the convenience of the parties and witnesses, will promote the efficient use of court resources, and is in the interest of justice."[1] *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.").

---

[1] Defendant's brief in support of transfer, at 1.

A district court first must determine whether the action could have been brought in the proposed transferee forum. *Id.*; *see also Johnston v. Foster-Wheeler Constructors, Inc.*, 158 F.R.D. 496, 503-04 (M.D. Ala. 1994).

> [a] civil action wherein jurisdiction is founded only on diversity of citizenship may . . . be brought only in (1) *a judicial district where any defendant resides, if all defendants reside in the same State*, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a) (emphasis supplied). Here, the sole defendant is a corporation organized under the laws of the State of Illinois, with its principal place of business in Chicago.[2] Thus, the action could have been brought in the Northern District of Illinois.

Generally speaking, "[d]istrict courts have broad discretion in deciding whether to transfer an action to a more convenient forum." *Johnston v. Foster-Wheeler Constructors, Inc.*, 158 F.R.D. 496, 503 (M.D. Ala. 1994) (citation omitted). Even so, "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996). In other words, "[i]f the transfer would merely shift the inconvenience from one party to the other, or if the balance of all factors is but slightly in favor of the movant, the plaintiff's choice of venue should be given deference." *Johnson*, 158 F.R.D. at 503 (internal quotation marks and citations omitted).

Defendant argues that transfer of the present action is proper because: (1) "[plaintiff's] claims relate almost entirely to actions and decisions undertaken by [defendant] in Illinois"; (2) "the majority of the witnesses whose testimony may be required at trial are located in Illinois . . .

---

[2] Affidavit of Thomas P. Gohagan (attached to defendant's motion to transfer) ¶ 2.

includ[ing] witnesses who cannot be compelled to appear at trial in Alabama"; and (3) "virtually all of the relevant. . . documents are located [in Illinois]."[3] These contentions will be addressed in turn.

A.   **Situs of Events**

The parties dispute whether the events giving rise to their claims are centered on Alabama (plaintiff's principal place of business) or Illinois (defendant's principal place of business). Apparently, the parties conducted all of their business (booking tours of South America) by telephone, e-mail, fax, and letter. Additionally, there is no evidence that any employee of either party ever traveled to the offices of the other. Defendant argues that the situs of events is properly Illinois, because that is where it made all of the decisions that plaintiff challenges in this action. Plaintiff counters by saying that the correct situs of events is Alabama, because defendant voluntarily initiated its business relationship with plaintiff by contacting its offices in Alabama, and, payments made by defendant pursuant to the contract at issue were sent to plaintiff's offices in Alabama.

> In breach of contract actions, courts consider the following factors when determining whether a claim arose in a particular district: (1) where payments were to be made under the contract, (2) where the contract was to be performed, (3) where negotiations occurred, and (4) where the contract was executed. *American Carpet Mills v. Gunny Corp.*, 649 F.2d 1056, 1059 (5th Cir. Unit B 1981). *The predominant factor considered by the courts is where payments were made under the contract*.

*Burger King Corp. v. Thomas,* 755 F. Supp. 1026, 1029 (S.D. Fla. 1991) (emphasis supplied). That authority is persuasive, and this court finds that defendant's "situs of events" argument does not compel transfer.

B.   **Location of Witnesses**

Defendant lists twenty-two witnesses who are either residents of Illinois, or who travel to

---

[3] Defendant's brief in support of transfer, at 5 (emphasis deleted).

that State on a regular basis, and "whose testimony will likely be required at trial"; further, defendant asserts that many of these witnesses are former employees "who cannot be compelled to appear at trial in Alabama."[4] Plaintiff counters by stating that almost all of its twenty-one potential witnesses reside in Alabama, and that "a number of these witnesses are not employed by [plaintiff], would be available to testify at trial in Alabama, but would not be subject to the subpoena power of the Northern District of Illinois if this matter were transferred to that venue."[5] Given such facts, this court must agree with plaintiff that, "because the [d]efendant has failed to show that it would be more inconvenient for its witnesses to try this case in Alabama than it would for [plaintiff's] witnesses to try the case in Illinois, the factor of convenience of the witnesses does not argue in favor of transfer."

C.   **Location of Pertinent Documents**

Defendant also argues that this action should be transferred, because "virtually all of the relevant . . . documents are located" in the Northern District of Illinois.[6] Plaintiff disputes this claim, saying that, while defendant's corporate records are in Illinois, plaintiff's are in Alabama, and that the relevant portions of plaintiff's records regarding dealings with a third party (*i.e.*, "Jungle Xsports," a Peruvian tour company) that are at issue in this action are more extensive, and cover a much greater span of time than defendant's records of those transactions, and, thus, it would be more inconvenient for plaintiff to move its records than for defendant. The inconvenience to the parties regarding the shipment of their records is at least equal, and this consideration does not weigh in favor of transfer.

---

[4] *Id.* at 5-10.
[5] Plaintiff's brief opposing transfer, at 10.
[6] Defendant's brief in support of transfer, at 5.

For all of the foregoing reasons, this court concludes that defendants' motion to transfer should be denied. An appropriate order will be entered contemporaneously herewith.

DONE this 5th day of February, 2003.

_____
United States District Judge